UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DWAYNE FRANKLIN and ALANA FRANKLIN, </br></br>Plaintiffs,</br></br>v.</br></br>GRANT SYNDER, *et al.*,</br></br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) )   Cause No. 4:24-CV-34-PPS-JEM |

## **OPINION AND ORDER**

This matter is before the Court on Defendant Lafayette Police Department's Motion to Dismiss. [DE 23]. For the reasons explained in this opinion and order, the motion to dismiss is granted.

## Background

Plaintiffs bring this case alleging a violation of their constitutional rights relating to a series of events which took place in Lybolt Park in Lafayette in July 2022. On July 2, 2022, the Franklins were sitting in their car in Lybolt Park when a security officer approached them, asked a few questions, and told them they were fine to sit in their car before leaving the park. [DE 16 at 3]. The Franklins visited Lybolt Park again over the next few days without any interactions or incidents with security officers. [*Id.*] On the morning of July 6, 2022, the Franklins again visited Lybolt Park. While sitting in the park, the Franklins noticed a police car pull up behind their car. Mr. Franklin approached the officer, Officer Snyder, and asked if he was running their plates. [*Id.* at

4] Snyder stated that he was running the Franklins' plates because there were a lot of stolen cars in the park. While the Franklins were discussing this with Snyder, two more police cars pulled up. Snyder had a conversation with Officer Wolfe, one of the officers who arrived, then informed the Franklins that they were not allowed to "trespass" in any city parks for a year adding that he would arrest them if he saw them at any city park. [*Id*. at 5].

The following day, the Franklins returned to Lybolt Park and observed Snyder parked in the parking lot. [DE 16 at 5]. As they got out of their vehicle, Snyder approached them and stated that he was placing Mr. Franklin under arrest. After Mrs. Franklin said something along the lines of "so you're only going to arrest the Black man" Snyder stated that she was also under arrest. [*Id*.] The Franklins were handcuffed and taken to Tippecanoe County Jail. [*Id*. at 6]. On July 22, 2022, Mr. and Mrs. Franklin were each charged with one count of Criminal Trespass as a Class A Misdemeanor. [*Id*.] On February 15, 2023 the Tippecanoe Superior Court dismissed the charges against the Franklins without prejudice and the State did not contest the dismissal. On June 15, 2023 Tippecanoe Superior Court Five issued an order granting automatic expungement to each of the Franklins pursuant to Indiana Code § 35-38-9-1(b). [*Id*.]

Following all of this, the Franklins filed suit in federal court alleging a violation of their First and Fourth amendment rights and bringing state law claims for false arrest and false imprisonment. The Franklins named the Lafayette Police Department as a defendant under a theory of municipal liability. [DE 16 at 9].

Defendant Lafayette Police Department brings the instant motion to dismiss arguing that they are not an entity subject to suit under Indiana law. Plaintiffs concede that the Lafayette Police Department cannot be sued so my discussion of these issues will be brief.

## Discussion

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss, all well-pleaded facts in the complaint are taken as true and all reasonable inferences from those facts are drawn in the plaintiff's favor. *See e.g.*, *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 523 (7th Cir. 2022); *Cirrus ABS Corp. v. Strategic Am., Inc.*, 2024 WL 4554021, at *2 (N.D. Ind. Oct. 22, 2024). However, the allegations in the complaint must suggest a right to relief that rises above a "speculative level" and if they do not, the plaintiff pleads itself out of court. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)).

The Lafayette Police Department argues that the claims against it should be dismissed because it is not a suable entity under Indiana law. [DE 24 at 3]. While §1983 is a federal statute, local government liability under §1983 is determined by an analysis of state law. *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (quoting *McMillian v. Monroe County*, 520 U.S. 781, 786 (1997)). Under Indiana law, a "municipal corporation" is a "unit, ... or other separate local governmental entity that may sue and

3

be sued." Ind. Code § 36-1-2-10. A "unit" means a county, municipality, or township, Ind. Code § 36-1-2-23, and a "municipality" is a city or town, Ind. Code § 36-1-2-11. Thus, Indiana's statutory scheme does not grant municipal police departments the capacity to sue or be sued. *Sow*, 636 F.3d at 300. *See also*, *Hounshel v. Bade*, 2024 WL 1908120, at *2 (S.D. Ind. May 1, 2024) ("This Court has consistently dismissed claims against Indiana municipal police departments at the pleadings stage because municipal police departments are not suable under Indiana law.").

Municipal police departments are also not generally considered separate legal entities subject to suit under Section 1983. *See e.g.*, S*everson v. Bd. of Trustees of Purdue Univ.*, 777 N.E.2d 1181, 1195 (Ind. Ct. App. 2002); *Restaino v. Illinois State Police*, 2005 WL 8164561, at *4 (C.D. Ill. Nov. 7, 2005). As explained by the Indiana Court of Appeals "[a] city's police department is merely a vehicle through which the city government fulfills its policy functions and is not a proper party defendant." *Slay v. Marion Cnty. Sheriff's Dep't*, 603 N.E.2d 877, 887 (Ind. Ct. App. 1992) (quoting *Jones v. Bowman*, 694 F. Supp. 538, 544 (N.D. Ind. 1988)).

In response to the Defendant's motion to dismiss, Plaintiffs concede that the Lafayette Police Department is not an entity which can be sued. [DE 29 at 10]. Plaintiffs state "all the Franklins need to do to correct their respondeat superior claim is to amend the complaint to name the City of Lafayette." [*Id.* at 11]. While a motion to amend the complaint is not presently before the Court, Plaintiffs are free to file a motion for leave to amend their complaint to add the City of Lafayette as a defendant.

**ACCORDINGLY**:

Defendant Lafayette Police Department's Motion to Dismiss [DE 23] is **GRANTED**. Count Five of Plaintiffs' Amended Complaint, the Municipal Liability claim against the Lafayette Police Department, is **DISMISSED**. The Clerk is **INSTRUCTED** to terminate the Lafayette Police Department as a defendant.

**SO ORDERED**.

ENTERED: February 13, 2025.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT